[No. A014918. First Dist., Div. Three. Apr. 24, 1984.]

DOLORES GIOVANNA, Plaintiff and Appellant, v.
VIGILANT INSURANCE COMPANY et al., Defendants and
Respondents.

**COUNSEL**

Albert E. Levy and Cavin & Levy for Plaintiff and Appellant.

Bronson, Bronson & McKinnon, David W. Gordon and John A. Anderson for Defendants and Respondents.

**OPINION**

**SCOTT, J.**—Dolores Giovanna appeals from an adverse judgment following a court trial on her complaint for declaratory relief. The issue is whether a policy of insurance issued by respondent Vigilant Insurance Company afforded coverage for the alleged liability of Cari Naumann arising from a fatal single vehicle accident. We affirm the judgment below.

The vehicle involved in the accident at issue was a 1965 Chevrolet owned by Emile Giovanna, appellant's husband and stepfather of her two natural daughters, Cathy and Cari Naumann. All four individuals lived together in the same household at the time. On July 29, 1978, Cari was driving the Chevrolet when it overturned and caused the death of her sister Cathy. The Chevrolet was insured under a State Farm insurance policy. Appellant was also insured under a personal automobile policy issued by respondent Vigilant. The Vigilant policy described and covered appellant's 1973 Ford station wagon; it did not describe or cover the 1965 Chevrolet involved in the accident.

The only question before us is whether the trial court erred in holding that the Vigilant policy did not afford coverage for Cari on the claims arising from the fatal automobile accident. Appellant argues that both of her daughters were "named insureds" under the policy as a result of the addition of

her daughters to the Vigilant policy as "occasional operators." There is no merit to this contention.

The Vigilant policy identifies a "covered person" as, inter alia, "you or any family member." The term "you", is defined to refer to "the 'named insured' shown in the Declarations and the spouse if a resident of the same household"; a "family member," in turn, is "a person related to you by blood, marriage or adoption who is a resident of your household . . . ." The only named insured in the policy declarations is appellant. Thus, the term "you" includes appellant and her husband; Cari is insured under the policy only as a "family member."

The broad coverage provisions of the policy are limited by several express exclusions. Relevant here are exclusions 9 and 10, which state: "We do not provide Liability Coverage: . . . [¶] 9. For the ownership, maintenance or use of any vehicle, other than your covered auto, which is owned by you or furnished or available for your regular use. [¶] 10. For the ownership, maintenance or use of any vehicle, other than your covered auto, which is owned by or furnished or available for the regular use of any family member. However, this exclusion does not apply to you." The phrase "your covered auto," defined as "any vehicle shown in the Declarations," refers only to appellant's 1973 Ford station wagon. The 1965 Chevrolet driven at the time of the fatal accident is not described in the Vigilant policy, and was not covered thereby.

Under exclusion 9, the Vigilant policy does not cover *any* person's use of an automobile owned by appellant or her spouse if the automobile is not shown in the declarations. As a result, there is no coverage available to anyone under the subject policy for the Chevrolet involved in the accident. Under exclusion 10, there is no coverage for the use by anyone *other than "you"* of an automobile owned by, or furnished or available for the use of, any "family member." This broad exclusion, like exclusion 9, precludes policy coverage of the vehicle involved in the accident, since it was owned by a resident of appellant's household related to appellant by marriage (appellant's husband).

Exclusion 10 does not apply to persons in the "you" category, and the crux of appellant's argument to this court is that Cari is in fact included in the group of persons described as "you." In support of this interpretation, appellant points to the following phrase on the policy declarations page: "Change name insured—add driver No. 2, 3." Appellant argues that the fact that the policy was amended to add her two daughters as "occasional operators" of the covered vehicle lends credence to her interpretation. We do not agree.

The only individual whose name appears on the policy is appellant, whose name is typed in the box on the declarations page under the words "Item 1. Named Insured & Mailing Address." Cari's name does not appear anywhere on the declarations page or elsewhere in the policy or the endorsements thereto. She is described by sex and birthdate under Item 6, "Driver Information," on the declarations page. The phrase "change named insured—add driver No. 2, 3" merely reflects the addition of appellant's daughters as *drivers* of the automobile, and appellant's own name change from Naumann to Giovanna. This occurred after appellant's remarriage in September 1977, shortly before the addition of her daughters as additional drivers on the policy. This interpretation is confirmed by a letter dated April 7, 1978, to appellant from her insurance broker, Richard Greenfield, referring to the revision of the policy to reflect appellant's name change and the addition of her daughters as "occasional operators." There is no basis for interpreting the phrase on which appellant relies as sweeping "occasional operators" such as appellant's two daughters into the category of "named insured," and the trial court was correct in so finding.

We note, moreover, that appellant's interpretation of the subject policy is contrary to the express language of exclusion 9, which clearly eliminates coverage for *all* insureds, including occasional operators and the named insured, when the accident vehicle is not specifically covered and is owned by the spouse of the named insured. Pursuant to this exclusion, appellant's daughters would not be covered even if they were "named insureds" under appellant's strained interpretation. Appellant's argument that exclusion 10 somehow annihilates the scope of exclusion 9 is logically fallacious and contrary to pertinent California case law. (*McBride* v. *Farmers Ins. Group* (1982) 130 Cal.App.3d 258, 260-263 [181 Cal.Rptr. 539]; *St. Paul Fire & Marine Ins. Co.* v. *Coss* (1978) 80 Cal.App.3d 888, 895-896 [145 Cal.Rptr. 836].)

The judgment is affirmed.

White, P. J., and Barry-Deal, J., concurred.

A petition for a rehearing was denied May 24, 1984, and appellant's petition for a hearing by the Supreme Court was denied June 27, 1984.